UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALESIA JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:17-cv-609 |
| | ) |
| ENTERPRISE LEASING COMPANY | ) |
| OF INDIANAPOLIS, LLC and KERRY | ) |
| JOHNSON, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Alesia James ("James"), on behalf of herself and on behalf of others similarly situated, brings this action against Defendants, Enterprise Leasing Company of Indianapolis, LLC ("Enterprise") and Kerry Johnson ("Johnson") (together "Defendants"), and alleges as follows:

## OVERVIEW

1. Defendants have failed to pay James and those similarly situated to her in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. Specifically, James and other similarly situated employees were subject to Defendants' common business policy of refusing to properly pay overtime wages for all hours worked in excess of 40 hours per workweek. James brings this action pursuant to 29 U.S.C. §216(b).

## PARTIES

2. James is an individual who resides in Johnson County, Indiana. She was employed by Defendants within three years prior to the filing of this Complaint and was, at all

times relevant to this matter, an employee as defined in Section 203(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

3. Enterprise is a foreign limited liability company domiciled in Delaware. At all times relevant to this matter, Enterprise was an employer as defined in Section 203(d) of the FLSA, 29 U.S.C. §203(d).

4. Johnson is a Human Resources Manager for Enterprise. In this capacity, Johnson has the authority to make decisions regarding payroll, including the decision(s) to not pay overtime wages to James. At all times relevant to this action, Johnson acted and had responsibility to act on behalf, and in the interests, of Enterprise in implementing and supervising wage and hour practices and policies relating to employees, including the decisions to not pay overtime wages to James. At all times relevant to this action, Johnson was an employer as defined in Section 203(d) of the FLSA, 29 U.S.C. §203(d).

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 because James brings a claim arising under federal law, specifically, the FLSA.

6. Venue is proper in this Court pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b).

## COVERAGE

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in

commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTUAL ALLEGATIONS

9. James was employed by Defendants as an Account Executive and/or Sales Consultant from September 16, 2014 – January 30, 2017.

10. At all times relevant to this action, James performed job duties that did not qualify her as exempt from the overtime wage provisions of the FLSA.

11. At all times relevant to this action, Defendant paid James via a salary along with regular sales bonuses.

12. At all times relevant to this action, Defendants did not accurately track James' compensable work hours.

13. At all times relevant to this action, James regularly worked between 45 and 60 hours per week including non-uninterrupted lunch periods.

14. At all times relevant to this action, Defendants did not pay James overtime wages for all hours worked in excess of 40 in a workweek.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

15. Defendant leases vehicles to customers throughout a large portion of Indiana.

16. James, as well as all current and former Account Executives/Sales Executives (or their functional equivalents) employed by Enterprise, did not perform work that would qualify them as exempt from the overtime requirements of the FLSA.

17. James, as well as all current and former Account Executives/Sales Executives (or their functional equivalents) employed by Enterprise, were not paid overtime for all hours worked in excess of 40 in a workweek.

18. To the extent James, as well as all current and former Account Executives/Sales Executives (or their functional equivalents) employed by Enterprise, were compensated for all hours worked in excess of 40 in a workweek, James, as well as all current and former Account Executives/Sales Executives (or their functional equivalents) employed by Enterprise, were paid their base salary and bonuses for said hours as opposed to not less than one and one-half times their base rate of pay.

19. James is similarly situated to Enterprise's current and former Account Executives/Sales Executives (or their functional equivalents) in that the common practice and policy of failing to pay overtime at a rate of not less than one and one-half times their base rates affected all current and former Account Executives/Sales Executives (or their functional equivalents) who worked for Defendants ("Members of the Class").

20. James is similarly situated to the Members of the Class because she performed the same or similar job duties and was subject to Defendants' unlawful policy and practice of refusing to properly pay overtime wages for work performed in excess of 40 hours in a workweek.

21. Defendants' failure to pay overtime compensation as required by the FLSA results from a policy or practice applicable to James and the Members of the Class. Application of this policy or practice does not depend on the personal circumstances of James or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment and/or

underpayment of overtime to James applied to all Members of the Class.  Accordingly, the class is properly defined as:

> **All current and former Account Executives and Sales Executives (or their functional equivalents) employed by Enterprise during the statutory time period.**

22. Defendants knowingly, willfully, or with reckless disregard carried out their unlawful pattern or practice of failing to properly pay overtime compensation with respect to James and the Members of the Class.

**FAILURE TO PAY WAGES IN ACCORDANCE**
**ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

23. During the relevant time period, Defendants have violated the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating these employees for their employment in excess of forty hours per week at rates no less than one and one-half the regular rates for which they were employed.  Defendant has acted willfully in failing to pay James, as well as all current and former Account Executives/Sales Executives (or their functional equivalents) employed by Enterprise, in accordance with the law.

**REQUESTED RELIEF**

WHEREFORE, James and all employees similarly situated who join in this action demand:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to James (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to James (and those who have

joined in the suit);

      b.      An Order awarding James (and those who have joined in the suit) the costs of this action;

      c.      An Order awarding James (and those who have joined in the suit) their attorney's fees;

      d.      An Order awarding James (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

      e.      An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Andrew G. Jones
Andrew G. Jones (#23020-49)
LAW OFFICE OF ANDREW G. JONES
9465 Counselors Row, Suite 200
Indianapolis, Indiana 46240
Telephone:   (317) 616-3671
E-Mail:       ajones@andrewgjoneslaw.com

Attorney for Plaintiff